OPINION OF THE COURT
Joan B. Lobis, J.
By this decision it will be determined if the New York State cases alleging damage as the result of silicone breast implants will be tried in a manner similar to cases pending in the Federal courts for the Eastern and Southern Districts of New York. The District Courts have severed certain pending claims for systemic injuries[1] alleged to be caused by silicone and created a suspense calendar for those claims till an as yet unspecified date. The District Courts will proceed with trials of claims for local injury[2] only. To better understand the reason such a procedure is contemplated in the State court, some history is necessary.
This court has been assigned the responsibility of supervising pretrial proceedings for all silicone breast implant cases filed in New York State. The Honorable Samuel Pointer of the United States District Court for the Northern District of Alabama is the Federal Judge assigned the task of national supervision of the pretrial proceedings of all the Federal cases pursuant to 28 USC § 1407 (MDL-926). As Federal cases are returned to local districts for local discovery and trial, specific District Court Judges have been assigned. Judge Harold Baer, Jr. has been assigned to all of the breast implant cases pending in the United States District Court for the Southern District of New York and Judge Jack B. Weinstein has been assigned all of the breast implant cases filed in the United States District Court for the Eastern District of New York. Many of the New *982 York State cases have been removed, to Federal court in an effort by some defendants to litigate the disputes in conjunction with the bankruptcy litigation of Dow Corning, one of the major manufacturers of silicone and silicone breast implants. Most of the State cases involving Dow Corning are still venued with Judge Pointer. It has been estimated that several thousand of these cases will be returned to the State system within the year.
One of the most contested aspects of this litigation is whether silicone breast implants cause systemic bodily injuries. As an aid to the ultimate resolution of the issue of causation, Judge Weinstein and Judge Baer appointed an expert panel under rule 706 of the Federal Rules of Evidence. The panel was to identify particular neutral experts to aid the court. Shortly thereafter Judge Pointer adopted the concept and appointed a 706 panel for the multidistrict litigation. The 706 panel is to determine to what extent the existing studies, research and reported observations provide reliable and reasonable scientific basis for the conclusion that silicone gel breast implants cause systemic injuries. It will be some time before the 706 panel will complete its review and present reports reflecting their findings.
In New York, I met with the Federal Judges to discuss coordinated case management. As an outgrowth of those joint efforts, the parties to the litigation consented to a unique cooperative endeavor whereby a Daubert hearing (Daubert v Merrell Dow Pharms., 509 US 579) would be held in Judge Weinstein’s court and the parties would use the record of that hearing in future proceedings in State court for rulings on the admissibility of scientific evidence and expert testimony. To the extent I was able, I attended the hearing and participated.
After the Daubert hearing took place, Judges Baer and Weinstein issued an amended preliminary memorandum in October of 1996. While finding that it would be inappropriate and premature to rule on defendants’ motion for summary judgment when the Federal 706 panel has not yet reported and no determination has yet been made as to the admissibility of plaintiffs’ expert testimony, the Federal Judges determined that the plaintiffs’ claims for local injuries should be severed from the plaintiffs’ systemic injury claims and tried forthwith, leaving the systemic injury claims to be tried at a later date. The court found that many of the breast implant cases alleged two separate injuries — one involving local injuries "which encompass pain and suffering as a result of scarring, changes *983 in the sensations of the breasts, leakage, silicone granuloma formation, and silicone migration”. (Memorandum, at 11.) The second set of injuries involve "undifferentiated tissue and autoimmune diseases with a highly complex and problematic etiology and latency”. (Ibid.) The court found that "the local diseases are separate and distinct from the claimed systemic diseases”, that the local and systemic injury claims could each be treated as providing its own cause of action and claims for relief and that each of these claims should be tried separately. The court held that it had such power to order separate trials pursuant to rule 42 (b) of the Federal Rules of Civil Procedure. That rule provides that the Federal courts have the discretion to order a separate trial of any claim or any separate issue when the separation would be convenient or avoid prejudice or where separate trials would be conducive to expedition and economy. (Fed Rules Civ Pro, rule 42 [b].) The court held that the severance of the local and systemic injury claims would minimize potential confusion of jurors and would be in the interest of justice and effective court administration. Defendants petitioned the United States Court of Appeals for the Second Circuit for writs of mandamus and prohibition in which they sought reversal of the Judges’ decision. That petition was denied by the Second Circuit. After the Federal Judges issued their decision, this court sua sponte asked the parties to brief the issue of whether the State court should order severance of the local injury claims from the systemic injury claims pursuant to CPLR 603.
After reviewing all of the submissions of the parties, this court exercises its discretion to sever the plaintiffs’ claims for local injuries from the plaintiffs’ claims for systemic disease pursuant to CPLR 603 and stay the litigation of the systemic injury claims pursuant to CPLR 2201 until a determination is made by the Federal 706 panel.[3] CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue.” This court finds that the claims for local injuries and for systemic diseases are distinct claims which can be tried separately and that the severance of these claims will further convenience by allowing management of the court’s docket. This court agrees with Judges Weinstein and Baer that the local diseases claimed by the breast implant plaintiffs are separate and distinct from the claimed systemic *984 diseases and one does not necessarily develop into the other, i.e., there are women who develop the local injuries who do not go on to allegedly develop the systemic diseases. The trials of the local injury claims will require substantially less time and are substantially less complicated than the trials of the systemic injury claims and the defendants will not be unduly prejudiced by such a severance. The court should wait to hear the systemic injury claims until the work of the Federal 706 panel is completed but there is no reason to delay the trials of the local injury claims.
Defendants argue that severance of the local and systemic injury claims is improper under CPLR 603 because breast implant plaintiffs have a single indivisible claim. In support of this argument, defendants cite to a number of New York cases which prohibit a plaintiff from bringing a second separate action based on the same claim asserted in the first action. This case does not involve a decision by a plaintiff to bring one lawsuit for local injuries and then to commence a separate second lawsuit for systemic injuries. Rather, the court is making a reasoned determination that it would further the interest of convenience and effective case management for these claims to be heard separately under the specific circumstances of these cases.
Defendants also argue that severance is improper because common legal and factual issues predominate and because local injury claims cannot be separated from systemic injury claims. This court disagrees. The local injury cases will deal with the issue of capsular contracture surrounding the implants, the loss of physical integrity to the implants, the leakage of silicone gel beyond the prosthesis and gel migration in the body and physical disfigurement allegedly caused by the implants. In contrast, the trial of the plaintiffs’ systemic disease claims will focus, inter alia, on the relationship between silicone and autoimmune and connective tissue diseases suffered by the plaintiffs. The issue of whether these systemic diseases are caused by silicone involves complicated and disputed scientific and medical questions which would not have to be determined in a local injury trial. The local injury claims will therefore be much simpler and shorter to try than the claims based on systemic diseases and will take days rather than weeks or months as will be required in a systemic disease case. Moreover, the amount of discovery needed for the presentation and defense of a local injury claim is much smaller than that required for the prosecution and defense of a claim based on systemic illness.
*985 It is possible on a case-by-case basis for the parties and the court to make a determination as to what constitutes local injuries. It will be plaintiffs’ burden in each case to establish that the particular damages are based on the particular injuries alleged. With clear instructions and rulings by the Trial Judge, it is possible for the jury to differentiate between plaintiffs’ damages for pain and suffering and emotional distress as a result of their claims for local injuries as opposed to their damages for pain and suffering and emotional distress related to their systemic diseases.
Defendants’ concern about inconsistent verdicts from separate trials is overstated as the findings made in the first trial would be given res judicata and collateral estoppel effect in any subsequent trial. Any concerns defendants have as to limitations on their ability to fully present any defense could be dealt with by appropriate instructions to the jury. The other arguments raised by defendants with respect to the violation of their constitutional rights to a jury are without basis. Defendants have failed to establish that severance of plaintiffs’ local injury and systemic disease claims will violate their constitutional right to a fair trial.
Waiting until the work of the 706 panel is concluded and findings issued is of benefit to the integrity of the truth-finding process. If juries are to be valued as a means for accurately assessing damages based on scientific causation, attention must be paid to the credibility the process has in yielding valid results. The role the courts and juries play in the future in disputes concerning scientific questions may depend on the respect the scientific and lay community gives to the results of jury determinations. Use of court- appointed experts can be a valuable component in this regard.
The parties are hereby directed to attempt to settle a joint order based on this decision. If they are unable to do so, the parties should settle an order and a counterorder.

. As a working definition, the systemic injury claims include atypical connective tissue disease, undifferentiated tissue disease and autoimmune diseases.

. Local injuries include capsular contracture surrounding the implants, rupture of the prosthesis, leaking of silicone gel, migration of the gel and disfigurement.

. Although the determination of the Federal 706 panel is not binding on this court, the panel’s findings may be extremely helpful to this court.